.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

JAMES   RODNEY   LARGENT   and )   No. 10-1786-PHX-MHM
BRENDA JEAN LARGENT,                    )
                                                              )   **ORDER**
           Plaintiffs,                               )
                                                              )
vs.                                                         )
                                                              )
                                                              )
GERALD L. HASSELL, and or his)
successr, individually, and in his official)
capacity as President, Director of Bank of)
New York Mellon, and ens legis being)
used to conceal fraud, *et al.*,             )
                                                              )
           Defendants.                          )
                                                              )
_____)

        Currently before the Court are Plaintiffs' Motion to Compel Defendants' Attorneys

to Submit an Affidavit to this Court under Penalty of Perjury that they are Representing the

Holder in Due Course, (Doc. 5), Motion to Remand, (Doc. 6), Motion Request this Court for

Clarification, Expedited, Concerning Order to Appear in Superior Court of Arizona on

9/30/2010, (Doc. 9), Plaintiffs' Motion to Vacate a Void Judgment, (Doc. 11), Replevin in

Detinet Motion to Sequester the Genuine Original Adjustable Rate Note Until Final

Adjudication of this Matter, (Doc. 29), and Motion for Temporary Injunction of All

Proceedings and Notice of this Court's Acceptance of Defendants' Answer to Plaintiffs'

Complaint as Defendants' Waiver of Service of Process. (Doc. 35); and Defendants' Motion

to Dismiss, (Doc. 8).  Having reviewed the pleadings and determined that oral argument is

1    not necessary, the Court issues the following Order.

2    **I.    BACKGROUND**

3    Plaintiffs brought the instant lawsuit in Maricopa Country Superior Court on August

4    5, 2010.  (Doc. 1, Exh. 1, Complaint).  As part of their original filing, Plaintiffs filed a

5    Complaint that makes numerous allegations against Defendants, and requested an injunction

6    that would prevent a Trustee's Sale of their Phoenix, Arizona property: 3110 West Calavar

7    Road (the "Property").  Plaintiffs' Complaint is very short on facts, but it appears that they

8    borrowed $146,500.00 in August 22, 2005 to purchase the Property.  (Doc 1, Exh. 1, p. 52).

9    It further appears that Plaintiffs made payments on the loan for years, but have stopped

10   making payments.  (Complaint, ¶27 ("[Plaintiffs] have paid 47 monthly payment at $963.95

11   for a total of $44,342.00 to date")).  At a minimum, Plaintiffs Complaint does not allege that

12   Plaintiffs are current on their loan repayment obligations.  Although not made clear in their

13   Complaint, Plaintiffs' most recent filing suggests the foreclosure sale is scheduled for

14   November 14, 2010.  (Doc. 35, p. 6).

15   Defendants removed the case to federal Court on August 19, 2010.  (Doc. 1).  On

16   August 23, 2010, Plaintiffs filed their Motion to Compel Defendants' Attorneys to Submit

17   an Affidavit to this Court under Penalty of Perjury that they are Representing the Holder in

18   Due Course, (Doc. 5), and Motion to Remand, (Doc. 6).  Defendants filed a Motion to

19   Dismiss on August 26, 2010, (Doc. 8), which became fully briefed on September 9, 2010.

20   (Doc. 19).  Also on August 26, 2010, Plaintiffs filed a Motion Request this Court for

21   Clarification, Expedited, Concerning Order to Appear in Superior Court of Arizona on

22   9/30/2010.  (Doc. 9).  And the next day, on August 27, 2010, Plaintiffs filed a Motion to

23   Vacate a Void Judgment. (Doc. 11). On September 29, 2010, Plaintiffs also filed a Replevin

24   in Detinet Motion to Sequester the Genuine Original Adjustable Rate Note Until Final

25   Adjudication of this Matter, (Doc. 29), and most recently, on November 9, 2010, filed their

26   Motion for Temporary Injunction of All Proceedings and Notice of this Court's Acceptance

27   of Defendants' Answer to Plaintiffs' Complaint as Defendants' Waiver of Service of Process.

28   (Doc. 35)

1   **II.    PLAINTIFFS' MOTION TO REMAND and MOTION TO COMPEL**

2   In their Motion to Remand, Plaintiffs pray that the Court return this case to Maricopa

3   Country Superior Court. In support of their request, Plaintiffs admit that their Complaint

4   raises the possibility of federal questions, but argues that remand is proper because the

5   "overwhelming majority" of their claims sound in state law.  (Doc. 6, p. 4).  Plaintiffs'

6   argument, however, misses the point, as there is clearly diversity of citizenship between these

7   Parties and the jurisdictional minimum of $75,000.00 has also been satisfied:  Plaintiffs are

8   citizens of Arizona, all Defendants are citizens of states other than Arizona, and Plaintiffs

9   seek $190,842.00 in damages (Complaint ¶ 27).   Accordingly, removal is proper and

10  necessary pursuant to 28 U.S.C. § 1332, irrespective of the particulars of Plaintiffs' claims.

11  Plaintiffs' motion, therefore, is denied.  The Court also denies Plaintiffs' Motion to Compel,

12  as such a request, even if proper, is premature. Plaintiff's "motion" is essentially an

13  interrogatory and thus is procedurally inappropriate, as the parties have not conferred

14  pursuant to Rule 26(f), and discovery has not commenced. See FED. R. CIV. P. 26(d)(1).

15  **III.   DEFENDANT'S MOTION TO DISMISS**

16  The Court turns next to Defendants' Motion to Dismiss.  Defendants request that this

17  Court dismiss Plaintiffs' claim pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a

18  claim.   Plaintiffs oppose Defendants' motion.

19          **A.    Legal Standard**

20  The Court must liberally construe pleadings submitted by a pro se claimant, affording

21  the claimant the benefit of any doubt.  Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623

22  (9th Cir. 1988).  However, the Court "may not supply essential elements of the claim that

23  were not initially pled."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  To

24  survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff must

25  simply allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl.

26  Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "A claim has facial

27  plausibility when the plaintiff pleads factual content that allows the court to draw the

28  reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

1   Iqbal,__U.S.__, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The plausibility standard

2   is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

3   defendant has acted unlawfully." Id. In evaluating a motion to dismiss, "all well-pleaded

4   allegations of material fact are taken as true and construed in a light most favorable to the

5   nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661

6   (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are

7   merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Spreewell

8   v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic

9   recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965.

10   Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the

11   absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica

12   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

13       **B.**    **Discussion**

14        Like many of the pro-se plaintiffs who have filed suit in this Court to prevent

15   foreclosure of their property, Plaintiffs' Complaint ignores the dictates of Federal Rule of

16   Civil Procedure 8, which requires that a complaint contain "*a short and plain statement* of

17   the claim showing that the pleader is entitled to relief." (emphasis added). Instead,

18   Plaintiff's Complaint melds and conflates factual allegations with legal causes of action and

19   relies primally on generalities, making it exceedingly difficult for this Court to determine the

20   bases of Plaintiffs' lawsuit. Having carefully reviewed Plaintiffs' Complaint, the following

21   appear to be their causes of action: (1) violation of the Uniform Fraudulent Transfer Act,

22   A.R.S. §§ 44-1001 et. seq.; (2) fraud; (3) lack of standing to foreclose; (4) defendants are not

23   the holders in due course of the original promissory note; and (5) the bank failed to provide

24   Plaintiffs with the funds which it promised to lend them.

25       **1.**    **Violation of the Uniform Fraudulent Transfer Act**

26        Plaintiffs argues that Defendants are liable for violation of A.R.S. §§ 44-1007 and 44-

27   1008. (Complaint, ¶¶54, 55). A.R.S. §§ 44-1001 et. seq. is Arizona's version of the

28   Uniform Fraudulent Transfer Act ("UFTA"). "Arizona's version of the UFTA **provides**

1    **rights to creditors against debtors** who evade their financial responsibilities." Farris v.

2    Advantage Capital Corp., 217 Ariz. 1, 2, 170 P.3d 250, 251 (2007) (emphasis added).

3    Plaintiffs' cause of action under the Arizona UFTA fails as a matter of law because Plaintiffs

4    have not alleged facts which make plausible that they are creditors.  To the contrary,

5    Plaintiffs secured a loan on August 22, 2005, for $146,500.00, from Decision One Mortgage

6    Company, with Countrywide Home Loans listed as the loan servicer, suggesting they are

7    debtors.  (Doc 1, Exh. 1, p. 52).  Even if, however, Plaintiffs could somehow be described

8    as "creditors," they have not plead facts which, if taken as true, suggest that any of the

9    Defendants are debtors.  Accordingly, Plaintiff's UFTA claim is dismissed.

10                   **2.    Fraud**

11           Throughout their Complaint, Plaintiffs accuse Defendants and the corporations with

12   which they are associated of fraudulent conduct.  Under Arizona law, a showing of fraud

13   requires "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge

14   of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the

15   recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7)

16   the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate

17   injury." Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966).  Rule 9(b) of the Federal

18   Rules of Civil Procedure mandates that "[i]n alleging fraud or mistake, a party must state

19   with particularity the circumstances constituting fraud or mistake."  This means that the

20   pleadings must be "be specific enough to give defendants notice of the particular misconduct

21   ... so that they can defend against the charge and not just deny that they have done anything

22   wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee

23   v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotations omitted)).  "[W]hile

24   a federal court will examine state law to determine whether the elements of fraud have been

25   pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances

26   of the fraud must be stated with particularity is a federally imposed rule." Vess v.

27   Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir.2003) (internal quotations omitted).

28           The basis of Plaintiffs' fraud allegation(s) is not apparent from their Complaint.  They

1   do not come close to making the type of who, what, where, when, and how factual

2   allegations that are required by Rule 9(b).   Vess, 317 F.3d at 1102 ("Averments of fraud

3   must be accompanied by 'the who, what, when, where, and how' of the misconduct

4   charged.").  Instead, they lob generalized accusations of fraud against all the Defendants as

5   a group, without explaining how any Defendant has committed fraud.  Accordingly, Plaintiffs

6   Complaint is not sufficiently specific to "provide [D]efendants with adequate notice to allow

7   them to defend the charge."   In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996)

8   (setting forth three purposes that Rule 9(b) serves).  Therefore, any claim based on fraud is

9   dismissed.

10               **3.**    **Lack of Standing**

11        Plaintiffs' Complaint seems to suggest that Defendants lack standing to foreclose on

12   their property. (Complaint, ¶6).  In so arguing, Plaintiffs fail to appreciate that a non-judicial

13   foreclosure conducted pursuant to a trustee's power of sale is not an enforcement action.

14   Contreras, 2009 U.S. Dist. LEXIS 121944 at *12.  Instead, a foreclosure is the exercise of

15   a contractual right under the Deed of Trust that is authorized pursuant to Arizona statute.  In

16   re Krohn, 52 P.3d 774, 777 (Ariz. 2002) (noting that under Arizona law,  "[u]nlike their

17   judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a

18   contract theory under the power of sale authority of the trustee.").   There is, therefore, no

19   judicial action that would subject Defendants to the constitutional requirements of standing

20   or the Arizona Rules of Civil Procedure.  Patton v. First Fed. Sav. & Loan Ass'n, 118 Ariz.

21   473, 477 (1978) ("A mortgage generally may be foreclosed only by filing a civil action

22   while, under a Deed of Trust, the trustee holds a power of sale permitting him to sell the

23   property out of court with no necessity of judicial action.")  The Court, therefore, dismisses,

24   with prejudice, any claim made by Plaintiffs predicated on lack of standing.  Mansour v.

25   Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) ( "Dismissal

26   is appropriate where the complaint lacks . . . a cognizable legal theory . . ..").

27              **4.**    **Defendants Not Holders in Due Course**

28        Plaintiffs' Complaint also appears to suggest that Defendants have no authority

1    to hold the scheduled trustee's sale because they are not holders in due course of the original

2    promissory note under the Uniform Commercial Code. (Complaint, ¶¶38, 39. 57). In other

3    words, Plaintiffs' suggest that Defendants or whomever is going to foreclose on their

4    property–Plaintiffs have not specified–may not do so without first producing the original

5    promissory note. This theory, which is often referred to as "show me the note," has been

6    roundly rejected by the District of Arizona. <u>Diessner v. Mortgage Elec. Registration Sys.</u>,

7    618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ( "[D]istrict courts have routinely held that

8    Plaintiff's 'show me the note' argument lacks merit."); <u>See, e.g.</u>, <u>Ciardi v. Lending Co.</u>, 2010

9    WL 2079735 (D. Ariz. May 24, 2010); <u>Silvas v. GMAC Mortg.</u>, 2009 WL 4573234 (D.

10   Ariz. Dec. 1, 2009, amended Jan. 5, 2010); <u>Contreras v. U.S. Bank</u>, 2009 WL 4827016 (D.

11   Ariz. Dec. 15, 2009). In so doing, Courts of this district have cited the lack of "controlling

12   authority providing that the Arizona Uniform Commercial Code . . . applies in non-judicial

13   foreclosure proceedings in Arizona." <u>See, e.g.</u>, <u>Diessner</u>, 618 F. Supp. 2d at 1187.

14   <u>Contreras v. US Bank</u>, 2009 U.S. Dist. LEXIS 121944, *10 (D. Ariz. Dec. 14, 2009)

15   ("Plaintiffs cite no authority, and the Court has found none, supporting their assertion that

16   exercising the power of sale granted by statute and the Deed of Trust requires compliance

17   with the Arizona Uniform Commercial Code--Negotiable Instruments."). Given that it is not

18   a cognizable legal theory, Plaintiffs' show me the note claim is dismissed with prejudice.

19   <u>Mansour</u>, 618 F. Supp. 2d at 1181.

20          **5.      Bank Failed to Provide Plaintiffs with the Funds which it Promised
                      to Lend Them**

21
          Finally, Plaintiffs appear to press a claim predicated on the theory that Defendants

22
     failed to provide Plaintiffs with the loan funds which Defendants had promised to them.

23
     Specifically, Plaintiffs allege that by stamping their promissory note with the phrase "Pay to

24
     the Order of . . . Without Recourse," Defendants caused the promissory note to become a

25
     check. (Complaint, ¶13–14). Then, Plaintiffs assert, Defendants sold the promissory note

26
     (now check), keeping the money from themselves, but only after tricking Plaintiffs into

27
     believing Defendants' were planning on loaning the proceeds of the sale of the promissory

28

note to Plaintiffs. (Id., ¶15–17). Accordingly, Plaintiffs claim that they did not receive a loan from Defendants because they did not receive the actual funds from the sale of the promissory note, and that Defendants owe them $146,500 (the amount of their mortgage). (Id., ¶19–20). The Court agrees with Defendants that the underlying theory of Plaintiffs' claim appears to be that Plaintiffs were entitled to move into their home and live there for free, while their lender had an accompanying obligation to tender to Plaintiffs $146,500. (Id., ¶ 23 ("to date, Plaintiff(s) have not received the money promised by the Movant' [sic] for the purported loan agreement); Id., ¶27 (to date, Plaintiff(s)' [sic] are waiting to receive a loan of $146,500.00)). In addition to being fatally general, this claim fails to pass the plausibility test. The Court finds that it is utterly implausible that Plaintiffs could be both entitled to their home and a payment from the lender to them in that amount of the mortgage loan. In reaching this conclusion, the Court notes that similar claims have been rejected by other district courts. See, e.g., Sequeira v. Wells Fargo Home Mortgage, 2009 U.S. Dist. LEXIS 31580, *3 (N.D. Cal. Apr. 1, 2009) (noting that courts "consistently have rejected such a theory of liability"); Coxton v. WM Specialty Mortgage LLC, 2008 WL 4722754, *2 (E.D. Mich. Oct. 23, 2008) (dismissing fraud claim against mortgage lender based on theory that banks do not lend money); First Nat'l Bank of Omaha v. Eldridge, 756 N.W.2d 167, 171 (Neb. Ct. App. 2008) ("When a bank makes a loan, it uses funds deposited by other customers. When the Bank initially pays for the consumer's credit card purchases, it is not lending its credit. Rather, the Bank is extending credit using money deposited by its customers."). This claim is also dismissed with prejudice. Mansour, 618 F. Supp. 2d at 1181.

## C.   Amendment

While the Court has dismissed Plaintiffs' "show me the note", lack of standing, and the bank failed to provide the funds which it promised to lend claims with prejudice, it will give Plaintiffs an opportunity to cure, if possible, the deficiencies with their fraud and UFTA claims. Should Plaintiffs choose to file an Amended Complaint, the Court reminds Plaintiffs that Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

FED.R.CIV.P. 8(a).  As the Court has already explained, Plaintiffs' Complaint fails to state a claim for relief.  Additionally the Complaint is somewhat difficult to follow, as it appears to allege many causes of action, but fails to set those claims out individually and fails to specify which facts underlie which claims.  Any amended complaint should focus on facts from which this Court can determine the harm Defendants caused to Plaintiffs and why Plaintiffs are entitled to seek relief for these alleged harms in this Court.  The Court will only give Plaintiffs this one opportunity to amend their Complaint before it dismisses the lawsuit in its entirety.  To avoid dismissal, at a minimum,  Plaintiffs must:

> make clear . . .allegations in short, plain statements with each claim for relief identified in separate sections.  In the amended complaint, [Plaintiffs]  must write out the rights [they] believe[] were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of [Plaintiffs'] rights, and what specific injury [Plaintiffs] suffered because of the other person's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). **Each claim of an alleged violation must be set forth in a separate count.** Any amended complaint filed by [Plaintiffs] must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Kennedy v. Andrews, 2005 WL 3358205, *3 (D. Ariz. 2005) (emphasis added).

## IV.    CONCLUSION

In light of this Court's decision to dismiss Plaintiffs' Complaint, the rest of Plaintiffs' motions are now moot, including their most recent request for a Temporary Injunction of all Proceedings.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiffs' Motion to Remand. (Doc. 6).

**IT IS FURTHER ORDERED** denying as moot Plaintiffs' Motion to Compel Defendants' Attorneys to Submit an Affidavit to this Court under Penalty of Perjury that they are Representing the Holder in Due Course.  (Doc. 5).

1    **IT IS FURTHER ORDERED** denying Plaintiffs' Application for Temporary

2    Restraining Order and Application for Temporary Injunction.  (Doc. 1).

3    **IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss, (Doc. 8).

4    Should they so choose Plaintiffs have 14 days from the date of this Order to file an

5    amended complaint that comports with the Court's findings and directive in this Order.

6    **IT IS FURTHER ORDERED** denying as moot Plaintiffs' Motion Request this

7    Court for Clarification, Expedited, Concerning Order to Appear in Superior Court of

8    Arizona on 9/30/2010.  (Doc. 9).

9    **IT IS FURTHER ORDERED** denying as moot Plaintiffs' Motion to Vacate a

10   Void Judgment.  (Doc. 11).

11   **IT IS FURTHER ORDERED** denying as moot Plaintiffs' Replevin in Detinet

12   Motion to Sequester the Genuine Original Adjustable Rate Note Until Final Adjudication

13   of this Matter.  (Doc. 29).

14   **IT IS FURTHER ORDERED** denying as moot Plaintiffs' Motion for Temporary

15   Injunction of All Proceedings and Notice of this Court's Acceptance of Defendants'

16   Answer to Plaintiffs' Complaint as Defendants' Waiver of Service of Process. (Doc. 35)

17   DATED this 10th day of November, 2010.

_____

Mary H. Murguia
United States District Judge